IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FIRST MAGNUS FINANCIAL**
**CORPORATION d/b/a CHARTER**
**FUNDING, an Arizona corporation,**

    **Plaintiff,**

    v.                                             Case No.  06-2426-JWL

**STAR EQUITY FUNDING, L.L.C.,**
**et al.,**

    **Defendants.**

_____

**MEMORANDUM AND ORDER**

In this lawsuit plaintiff First Magnus Financial Corporation (FMFC) alleges that the defendants were involved in a mortgage fraud scheme to induce FMFC into funding fraudulent loans.  On February 7, 2007, United States Magistrate Judge David J. Waxse issued two orders directing FMFC to show cause why this action should not be dismissed as to certain defendants (docs. #78 & #79).  This matter is currently before the court on FMFC's responses to those orders to show cause (docs. #81 & #97).  For the reasons explained below, the court will dismiss FMFC's case without prejudice as to defendant J.S. Appraisals, but the court finds that FMFC has shown good cause why its case against defendants Virgie Self, Dana Self, Doug Carrithers, Kelly Gerrety, Barbara Holzenthal, Term Investment Group, LLC (TIG), Terrell Ford, Maurice Ragland, Matthew Woods, Chris Tyler, Advantage Appraisal Services, and Debra J. McGowan should not be dismissed for lack of prosecution.

In the first Notice and Order to Show Cause (doc. #78), the magistrate judge noted that the files and records of the court disclosed that no service of the summons and complaint had been accomplished on defendant J.S. Appraisals. The magistrate judge therefore directed plaintiff to show cause why service of the summons and complaint was not made upon defendant J.S. Appraisals, and to further show good cause why the action should not be dismissed without prejudice as to defendant J.S. Appraisals. In response, FMFC explains that its complaint alleges that J.S. Appraisals is a dba sometimes used by Jane Sanson; that Jane Sanson was served on January 9, 2007, *see* Return of Service (doc. #68); and that FMFC has no basis to believe that J.S. Appraisals has any separate legal existence. FMFC contends that service of process on Jane Sanson is therefore effective as against J.S. Appraisals. FMFC is correct that service of process on Jane Sanson is effective insofar as she was doing business as J.S. Appraisals. But, a sole proprietorship such as J.S. Appraisals has no separate legal existence separate and apart from the sole proprietor. *See Sheldon v. Vermonty*, Case No. 98-2277-JWL, 1999 WL 1096043, at *2 (D. Kan. Nov. 29, 1999) (collecting cases). Consequently, J.S. Appraisals, which was indeed listed as a separate entity in the caption of the complaint, does not have the capacity to be sued as a separate defendant in this case. Because service on J.S. Appraisals as a separate legal entity cannot be accomplished, then, FMFC has not demonstrated good cause why this case should not be dismissed without prejudice as to J.S. Appraisals. *See* Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made on a defendant . . . the court . . . shall dismiss the action without prejudice as to that defendant . . . ."). Accordingly, this case is dismissed in

its entirety without prejudice as to defendant J.S. Appraisals as a separate legal entity. Plaintiff's claims against Jane Sanson of course remain, whether in her individual capacity or in her capacity dba J.S. Appraisals.

In the second Notice and Order to Show Cause (doc. #79), the magistrate judge noted that the files and records of the court disclosed that the following defendants had been served but had not answered or responded to the complaint: Virgie Self, Dana Self, Doug Carrithers, Kelly Gerrety, Barbara Holzenthal, TIG, Terrell Ford, Maurice Ragland, Matthew Woods, Chris Tyler, Advantage Appraisal Services, and Debra J. McGowan. The magistrate judge therefore directed plaintiff to show cause why plaintiff's claims against these defendants should not be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). In response, FMFC offers the following explanations:

♦ *Virgie Self* – FMFC states that it is in settlement negotiations with defendant Virgie Self. Since the magistrate judge issued the Notice and Order to Show Cause, Mr. Self has requested and the court has granted Mr. Self an extension of time to March 12, 2007, within which to answer or otherwise respond to plaintiff's complaint. *See* Order (doc. #99).

♦ *Dana Self and Doug Carrithers* – FMFC states that it has settled its claims against defendants Dana Self and Doug Carrithers and dismissal papers will be filed once all terms and conditions of the settlement have been met.

3

♦ *Kelly Gerrety* – FMFC has moved for entry of default against Kelly Gerrety. *See* Appl. for Clerk's Entry of Default Against Def. Kelly Gerity (doc. 84).[1]

♦ *Barbara Holzenthal* – FMFC is in settlement negotiations with defendant Holzenthal and anticipates Ms. Holzenthal will be filing a motion for extension of time shortly. The court notes that Ms. Holzenthal previously was granted until December 11, 2006, to answer or otherwise respond to plaintiff's complaint. *See* Order (doc. #28).

♦ *TIG, Terrell Ford & Maurice Ragland* – FMFC has moved for entry of default and the clerk has entered default against these defendants. *See* Clerk's Entries of Default (docs. #102, #103 & #104).

♦ *Matthew Woods* – FMFC states that it is in settlement negotiations with defendant Woods. Since the magistrate judge issued the Notice and Order to Show Cause, defendant Woods has requested and has been granted an extension of time until March 14, 2007, to answer or otherwise respond to plaintiff's complaint. *See* Order (doc. #105).

♦ *Chris Tyler* – Since the magistrate judge issued the Notice and Order to Show Cause, defendant Tyler has filed an answer to plaintiff's complaint. *See* Answer (doc. #94).

♦ *Advantage Appraisal Services & Debra J. McGowan* – Since the magistrate judge issued the Notice and Order to Show Cause, these defendants have requested and have been granted an extension of time up to March 1, 2007, to answer or otherwise respond to the complaint. *See* Order (doc. #89).

---

[1] Plaintiff's complaint asserts claims against Kelly Gerrety whereas the application seeks default against Kelly Gerity. The correct spelling of the last name is unclear.

Based on the facts stated above, it appears to the court that plaintiff FMFC is actively prosecuting this case against each of the above-listed defendants. Accordingly, the court finds that FMFC has shown good cause why its case against these defendants should not be dismissed for lack of prosecution.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff FMFC has not shown good cause why its case against defendant J.S. Appraisals should not be dismissed for failure to effect timely service of process, and therefore this case is dismissed in its entirety without prejudice as to defendant J.S. Appraisals.

**IT IS FURTHER ORDERED THAT** plaintiff FMFC has shown good cause why its case against defendants Virgie Self, Dana Self, Doug Carrithers, Kelly Gerrety, Barbara Holzenthal, Term Investment Group, LLC, Terrell Ford, Maurice Ragland, Matthew Woods, Chris Tyler, Advantage Appraisal Services, and Debra J. McGowan should not be dismissed for lack of prosecution.

**IT IS SO ORDERED** this 27th day of February, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge