## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| FIRST MAGNUS FINANCIAL CORPORATION, doing business as CHARTER FUNDING, an Arizona corporation,<br><br>             Plaintiff,<br><br>- vs -<br><br>STAR EQUITY FUNDING, LLC, et al.,<br><br>             Defendants. | **STIPULATED PROTECTIVE ORDER**<br><br><br>**Civil No.  06-2426 JWL-DJW** |

WHEREAS, First Magnus Financial Corporation ("FMFC") brings this case against a number of mortgage loan brokerage companies, their owners and agents, alleging a mortgage fraud scheme to induce FMFC into funding fraudulent loans to enable Defendants to obtain unjustified fees, commissions and kick backs on loans that would not have been made but for Defendants' fraudulent representations;

WHEREAS, Defendants deny the allegations in the Complaint as stated in their answers;

WHEREAS, the Parties acknowledge that documents and information requested during discovery might concern or contain matters that are confidential and proprietary to the producing party or which, if disclosed to certain persons, would adversely affect business dealings or competitive positions of the Parties, including (i) the files and other documents relating to the

2464676v

private residential loans at issue, (ii) information relating to the operations or financial status of the Parties, or (iii) trade secrets or other proprietary information of the Parties;

WHEREAS the Parties acknowledge that the term "document" as used herein has the meaning assigned to it in Federal Rule of Civil Procedure 34(a)(1); and

WHEREAS the Parties wish to agree on a means to prevent unnecessary and harmful disclosure of such documents or information produced by them:

NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED by the Parties, by and through their respective counsel, as follows:

1.      A document, or portion thereof, or an item of information may be classified and maintained as "CONFIDENTIAL" if the document or information contains or constitutes information that (A) has not been made public by the producing or originating Party, (B) the Party believes in good faith cannot be obtained from public sources, and (C) consists of or relates to (i) the private residential loans at issue, (ii) the operations or financial status of the Parties, or (iii) trade secrets or other proprietary information of the Parties.

2.      Any classification of documents or information (or parts thereof) as "CONFIDENTIAL" will be made by the producing Party applying in good faith the criteria outlined in paragraph 1 above.

3.      A Party may designate documents or information as confidential by marking each page of a document with a stamp using the word "CONFIDENTIAL" or by one of the following ways:

a.      By so marking each page of the documents or information prior to their production or, for documents that have been produced before the execution of this

2464676v                                              2

Stipulated Protective Order, by providing the other party with specific notice of such designation by document control numbers within ten (10) days after the execution of this Stipulated Protective Order.  Such documents so designated shall be treated as confidential under this Protective Order only after the date of such notice.  If the document is not in paper form, the producing Party shall use other such reasonable means as necessary to identify clearly the document or information as "CONFIDENTIAL;" and

b.      If information disclosed during the course of a deposition is deemed "CONFIDENTIAL" by a Party, the designation thereof as "CONFIDENTIAL" shall be made either by a statement on the record at the deposition or within ten (10) days after receipt by counsel of a copy of the deposition transcript.   Such designation as "CONFIDENTIAL" will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "CONFIDENTIAL" information.

4.      If at any deposition a Party wishes to use or inquire about documents or information previously designated as "CONFIDENTIAL" pursuant to one or more of the preceding paragraphs, the portion of the deposition transcript that relates to such documents or information shall be designated and treated as "CONFIDENTIAL" to reflect the classification of the document or information, the designation being recited on each of the designated pages.  The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "CONFIDENTIAL") with a "CONFIDENTIAL" marking on the cover of the deposition transcript.

5.      If counsel for a Party receiving documents or information designated as "CONFIDENTIAL" hereunder objects to such designation of any or all of such items, the following

procedure shall apply:

   a. Counsel for the objecting Party shall serve on the designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel shall then confer in good faith in an effort to resolve the dispute; and

   b. If a dispute as to a "CONFIDENTIAL" designation of a document or item of information cannot be resolved by agreement, the Party challenging the designation may move the Court for an order removing the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

   6. Documents or information (including portions of deposition transcripts) designated as "CONFIDENTIAL" or information derived therefrom, may be disclosed or made available only to the following persons:

   a. to the Court and its officers, including court reporters (through filing under seal at any trial or hearing);

   b. to outside counsel for the Parties (including legal and clerical staff employed or engaged by such counsel);

   c. in-house counsel for the Parties to this action and staff employed or engaged by such counsel;

   d. to parties or their representatives, employees, agents or to experts, consultants, advisors and/or translators retained to furnish technical or expert services and/or to give testimony with respect to the subject matter thereof for trial of this action;

2464676v

4

e.      such other persons as have agreed in writing to be bound by the terms of this Stipulation and Order; and

f.      to witnesses during a deposition or other examination, subject to the provisions in paragraph 4 regarding confidentiality of deposition transcripts, and subject to other provisions contained herein.

7.      None of the restrictions on the disclosure of designated documents or information imposed by paragraph 6 shall limit the use of such materials in connection with the deposition or other examination of any officer, director, employer, or agent of the producing party who presently has or formerly had access to such documents or information in the normal course of their work for the producing party.

8.      Documents or information designated as "CONFIDENTIAL" shall be used by the persons receiving them solely for the purposes of preparing for and conducting this action. Persons receiving such documents or information shall not (a) use them for any business or other purpose, (b) disclose them to any person not expressly permitted by the terms of this Stipulation and Order to have such access, or (c) sell, offer for sale, advertise, or publicize either the contents of such documents or information or the fact that the party or other person has obtained such documents or information. All documents or information designated as "CONFIDENTIAL" shall be maintained so as to preclude access by unauthorized persons.

9.      Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of its own documents or information, or of documents or information obtained by such Party or witness independent of the discovery proceedings in this action, whether or not such documents or information are also obtained through discovery proceedings in this action. Provided,

however, that nothing herein shall authorize a Party to use or disclose another's trade secrets or confidential or proprietary information, and that a Party or a witness using or disclosing another's trade secrets or confidential or proprietary information does so at his or her or its own risk.

10.     If documents, or portions thereof, or information (including portions of deposition transcripts) designated as "CONFIDENTIAL" are to be included or referenced as to content in any papers to be filed with the Court, such (i) filings shall be marked as set forth in this Stipulation and Order and (ii) the Party seeking to make any such filing shall first file and prosecute a motion with the court seeking to file the Confidential information under seal.  When practicable, only "CONFIDENTIAL" portions of filings with the Court shall be filed under seal.

11.     If a Party intends to offer into evidence or otherwise disclose in open court any document or information designated as "CONFIDENTIAL," counsel for such Party shall confer with the Court concerning appropriate procedures for doing so.

12.     The Parties agree that claims of privilege or of protection as trial preparation material asserted after production, will be treated as follows:

a.     The Parties agree that in the event privileged or trial preparation materials are inadvertently disclosed, each Party will notify the requesting Party of such inadvertent disclosure.  Upon notification, the Party receiving the inadvertently disclosed materials must return, sequester or destroy all information and copies, and may not use or disclose such information until the claim of privilege or protection as trial preparation materials is resolved;

b.     In order to facilitate the production of information without the expense of exhaustive review, any Party may provide a "quick peek" of its documents, whereby the

responding Party shall provide requested material for initial examination without waiving privilege or work product protection.  Materials that are disclosed without intent to waive privilege or work product protection are not waived and shall be returned to the responding Party so long as the responding Party identifies the material mistakenly produced.  This agreement with regard to the handling of privilege and trial preparation material includes electronic, as well as information produced through other media.

13.    Nothing in this Stipulation and Order shall operate as an admission by any Party that any particular documents or information or testimony contain or reflect confidential or proprietary information.

14.    On termination of this action, including all appeals, the receiving Party shall return to counsel for each producing Party all documents or information designated by the producing Party as "CONFIDENTIAL" and all copies of such documents or information and shall destroy all abstracts, digests and analyses thereof, however stored or reproduced.  Alternatively, the Parties may agree upon appropriate methods of destruction of documents or information designated as "CONFIDENTIAL."  On termination of this action, counsel for each Party may maintain in its files one copy of "CONFIDENTIAL" materials as filed with or otherwise presented to the Court.  Except as otherwise specified in this paragraph, the obligations herein undertaken by the Parties to maintain the confidentiality of designated materials shall survive the termination of this action, and the Court shall retain jurisdiction to enforce the performance of said obligations.

15.    Any Party may ask the Court on notice to modify or grant relief from any provision of this Stipulation and Order.

16.    If another court or an administrative agency subpoenas or orders production

of "CONFIDENTIAL" information or documents that a party has obtained under the terms of this Order, or if a party receives notice of a motion or other request filed in another court or proceeding seeking disclosure of such information or documents, such party shall promptly notify the party or other person who designated the information or documents as confidential of the pendency of such motion, request, subpoena or order.  The party shall not impair the right or opportunity of the party or other person who designated the information or documents as confidential to resist discovery or production of the subject information or documents.

17.     Any party who designates any document or information as "CONFIDENTIAL" contrary to the provision of ¶ 3 hereof shall be subject to sanctions under Rule 37 Federal Rules of Civil Procedure.

18.     The Parties acknowledge that damages for violation of this Order may be difficult to prove with certainty, yet they are nevertheless real and carry the prospect of damage to the disclosing party.  In any litigation to compel enforcement of this Order or to seek damages the prevailing party will be entitled to an award of its reasonable attorneys' fees and costs.

DATED this 16th day of May, 2007.

s/ David J. Waxse_____
David J. Waxse
U.S. Magistrate Judge

2464676v

8

APPROVED AS TO FORM:

SHOOK, HARDY & BACON, L.L.P.

     /s/ Mark Moedritzer
Mark Moedritzer, Ks. Fed. #70179
Jason E. Pepe, Ks. Fed. #19240
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Brent V. Manning (*Pro Hac Vice*)
Sammi V. Anderson (*Pro Hac Vice*)
MANNING CURTIS BRADSHAW
   & BEDNAR, LLC
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678

*Attorneys for Plaintiff First Magnus Financial*
   *Corporation, dba Charter Funding*

MCDOWELL, RICE, SMITH & BUCHANAN

     /s/ R. Pete Smith
R. Pete Smith, Ks. #7200
605 West 47th Street, Suite 350
Kansas City, Missouri 64112
Phone:  (816) 753-5400
Facsimile:  (816) 753-9996
*Attorney for  Jamie Fankhauser, William Worley,*
*Star Equity Funding, Inc., and Susan Shartzer*

2464676v

9

MCCONWELL LAW OFFICES

/s/ Laura L. McConwell
Laura L. McConwell, Ks. 14166
5925 Beverly
Mission, Kansas 66202
Phone: (913) 262-0605
Fax: (913) 262-0652

*Attorney for Michael Evans*

**EXHIBIT A**

.I, _____, have read the foregoing Stipulation
and Order Regarding Confidentiality of Discovery dated _____, 2007 (the "Order") and
agree to be bound by its terms with respect to any documents or information marked
"CONFIDENTIAL" that are furnished to me as set forth in the Order.

2.    I further agree (i) not to disclose to anyone any documents or information
marked "CONFIDENTIAL" other than as set forth in the Order, and (ii) not to make any copies of
any documents or information marked "CONFIDENTIAL" furnished to me except in accordance
with the Order.

3.    I hereby consent to the jurisdiction of the United States District Court for the
District of Kansas, with regard to any proceedings to enforce the terms of the Order.

4.    I hereby agree that any documents, material, or information marked
"CONFIDENTIAL" furnished to me will be used by me only for the purposes of this litigation and
for no other purpose, and will not be used by me in any business affairs of my employer or of my
own or be imparted by me to any other person.

DATED this _____ day of _____, 2007.

_____

2464676v

11