IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIRST MAGNUS FINANCIAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2426-EFM |
| ) | |
| STAR EQUITY FUNDING, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On April 7, 2009, pursuant to Fed. R. Civ. P. 16(e), the undersigned U.S. Magistrate Judge James P. O'Hara, convened what was scheduled as a final pretrial conference in this case, which generally involves alleged mortgage fraud. The plaintiff, First Magnus Financial Corporation ("FMFC"), appeared through counsel, Jason E. Pepe. Defendants Star Equity Funding, LLC ("Star Equity"), William Worley, Jamie Fankhauser, and Susan Shartzer (collectively, "the Star Equity defendants"), appeared through counsel, Kristie Remster Orme. There were no other appearances.

FMFC and the Star Equity defendants reported at the outset of the conference that a mediated settlement had been reached late the prior evening. It is expected that, within the next 30 days, a formal settlement agreement (the terms of which are confidential) will be executed by the above-named parties, and the parties will file appropriate stipulations of dismissal, with prejudice. In view of the reported settlement of all claims asserted against defendants not previously dismissed or deemed in default, and pending consummation of the

settlement, the court indefinitely postponed the scheduled final pretrial conference and vacated the May 22, 2009 dispositive motion deadline, the June 26, 2009 *Daubert* motion deadline, the October 6, 2009 trial setting, and all other related outstanding pretrial deadlines.

Further, and without objection by FMFC or the Star Equity defendants, the court now denies the following pending motions as moot, without prejudice to reassertion of the motions in the hopefully unlikely event the recently reached settlement is not consummated:

(1) Defendant Susan Shartzer's motion to dismiss Counts I, VIII, XI, and XIII of FMFC's first amended complaint (doc. 236), which was filed on September 22, 2008 **(doc. 238)**.

(2) Defendants Jamie Fankhauser and William Worley's motion to dismiss Counts I, VI, VII, VIII, IX, XI, and XII of the first amended complaint, which was filed on September 22, 2008 **(doc. 240)**.

(3) FMFC's motion to supplement the record on motion to dismiss or, in the alternative, request for oral argument, which was filed on November 18, 2008 **(doc. 255)**.

(4) FMFC's motion for summary judgment on its breach of contract claim against defendant Star Equity, which was filed on November 21, 2008 **(doc. 258)**.

(5) Defendant Star Equity's motion for relief pursuant to Fed. R. Civ. P. 56(f), which was filed on December 15, 2008 **(doc. 273)**.

Despite the settlement between and among FMFC and the Star Equity defendants,

FMFC has asserted and continues to assert claims against many other defendants who are named in this case. Those claims are summarized below.

Defendant Joe Savaglia filed an answer to FMFC's original complaint, generally denying FMFC's allegations (doc. 70). But defendant Savaglia has not participated in this litigation since then and he failed to appear for a deposition. The presiding U.S. District Judge, Hon. Eric F. Melgren, still needs to rule on FMFC's pending motion to strike defendant Savaglia's answer and for entry of default judgment, which was filed on December 29, 2008 **(doc. 282)**. No response has been filed to this motion.

Defendant Jane Sanson also filed an answer to FMFC's original complaint, denying that she performed the appraisals ascribed to her in this case (doc. 106); defendant Sanson also served discovery responses to the same effect. She subsequently invoked the Fifth Amendment at her deposition, and has not participated in this litigation since then. FMFC intends to move for default judgment against defendant Sanson.

Defaults have been entered by the Clerk of Court against defendants Terrell Ford, Kelly Gerrety, Maurice Ragland, Term Investment Group, LLC, Brian Eaton (individually and d/b/a Olympic Mortgage), Justin Cahow, Gary Shartzer, and Reis Enterprises, Inc. Although the court earlier denied FMFC's motions for default judgment against these defendants (*see* doc. 323), FMFC intends to reassert said motions, presumably making a more specific showing of the damages claimed to have been incurred on each of the subject loans.

FMFC was unable to locate defendants Tommy Reid or John Blair for service of

process and they have been dismissed, without prejudice.  *See* doc. 151.

The evidence in the case indicates defendants Robert Bundy and Bill Lima are non-existent, fictitious identities.  At FMFC's request, the court previously dismissed those two named parties, without prejudice.  *See* doc. 209.

FMFC previously settled and the court dismissed the claims against defendants Dana Self, Doug Carrithers, Barbara Holzenthal, Virgie Self, Matthew Woods, Angel Root, Chris Tyler, Debra J. McGowan (individually and d/b/a Advantage Appraisal Services).  *See* docs. 114, 115, 117, 121, 123, 140, 153, and 161.

FMFC reports it is now very close to consummating a settlement of its claims against defendant Aaron L. Jamison.  An appropriate stipulation of dismissal is expected to be filed within the next two weeks.

The record reflects defendant Michael Evans, through counsel, filed an answer to the first amended complaint (doc. 244).  However, defendant Evans later filed for bankruptcy relief (doc. 315) and FMFC acknowledges the case is stayed against him (doc. 359).

Finally, the record reflects defendants Vincent Rinehart, Vereranda Toledo, and David Villareal were dismissed by the court for lack of personal jurisdiction (*see* doc. 108).

To ensure all outstanding claims in this litigation are timely adjudicated, the court hereby sets a deadline of **May 15, 2008** for FMFC to:

(1) File stipulations of dismissal with regard to all settled claims.

(2) File renewed motions for default judgment against all non-settling defendants.

(3) File a status report indicating when and how, if at all, FMFC intends to pursue

any other claims, including but not limited to the currently stayed claims against defendant Michael Evans.

IT IS SO ORDERED.

Dated this 7th day of April, 2009, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge